IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARY ANN PEREA**,

Plaintiff,

vs.            **Civ. No. 11-930 WDS**

**MICHAEL ASTRUE**, Commissioner
of the Social Security Administration,

Defendant.

## ORDER DENYING APPLICATION TO PROCEED IFP

**THIS MATTER** comes before the Court on Plaintiff's application to proceed *in forma pauperis* ("IFP") with this litigation, *i.e.*, without prepaying costs or filing fees. (Doc. #2) In determining whether to grant permission to proceed IFP, the Court must "review the affidavit and screen [the] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). If the Court determines that "the allegation of poverty is untrue," it must dismiss the case. *See* § 1915(e)(2)(A); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Plaintiff is 58 years old and married. *See Doc. 2*. She and husband have a total monthly net income of $4,250.00[1] and total monthly expenses of $3,097.00. *See id.* On these facts, the Court concludes that Plaintiff has not established that she cannot pay filing fees because of poverty.

---

[1] Plaintiff's retirement of $998, Plaintiff's disability of $968 and husband's wages of $2,284.

**IT IS ORDERED** that Plaintiff's motion to proceed IFP *(Doc. 2)* is DENIED and that she shall pay the filing fees within ten days of the filing of this Order or this case will be dismissed without further notice under § 1915(e)(2)(A).

_____
W. Daniel Schneider
United States Magistrate Judge