IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY ANN PEREA,

    Plaintiff,

v.                                              CIV No. 11-930 JB/GBW

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on Plaintiff's Motion for Attorney Fees.  *Doc. 36.* On November 30, 2013, the Court granted Plaintiff's Motion to Reverse and Remand the Commissioner's denial of social security disability benefits and remanded this action to the Commissioner.  *Doc. 34.*  Plaintiff then filed the instant Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on November 27, 2013. *Doc. 36.*  The Court entered an order on January 7, 2014, noting that both parties were in violation of the Local Rules; Plaintiff had not stated whether her Motion was opposed, and Defendant had not filed a response within the requisite deadline.  *Doc. 37.*  The Court directed Plaintiff to file a notice certifying whether the Motion was opposed, and, if it was opposed, requiring that Defendant file a response by January 21, 2014.  *Id.* at 2. The same day, Plaintiff filed a notice certifying that Defendant opposed the Motion.

*Doc. 38*. Defendant responded on January 21, 2014 (*doc. 40*), and Plaintiff filed her reply on January 22, 2014 (*doc. 41*).

The EAJA states that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action[.]" 28 U.S.C. § 2412(d)(1)(A). Plaintiff has requested $9,485.45 in EAJA fees—$8,767.60 for 47.65 hours of professional services, and $717.85 in New Mexico Gross Receipts tax. *Doc. 36* at 1.

Defendant objects to Plaintiff's motion on four bases. The Commissioner (1) disputes that $184 is a reasonable hourly fee, (2) contends that Plaintiff's attorney should not be paid for purely clerical tasks or for "no charge" items, (3) contends that Plaintiff's attorney should not be reimbursed for time spent filing a motion for extension of time, and (4) opposes Plaintiff's request for an award of costs as reimbursement for gross receipts tax. *Doc. 40.* Instead, Defendant proposes an amount, solely for the reimbursement of professional legal services, of $8,476.35. *Id.* at 4. Plaintiff argues that Defendant's response was untimely and that Plaintiff should be awarded the full $9,485.45 requested, as well as an additional $398.13 for fees incurred in filing a reply. *Doc. 41.*

This matter has been referred to me to make proposed findings and recommendations. Having considered the relevant briefing and being otherwise fully advised, I recommend GRANTING IN PART Plaintiff's Motion for Attorney's Fees.

*A. Hourly Fee*

The Commissioner challenges Plaintiff's requested attorney fee of $184 per hour, arguing that the EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  The burden falls on the party requesting attorney fees to establish the reasonableness of both an attorney's hourly fee, as well as the reasonableness of the number of hours worked.  *Sommerville v. Astrue*, 555 F. Supp. 2d 1251, 1253 (D. Kan. 2008) ("[T]he party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances.") (citing *Hensley v. Eckerhard*, 461 U.S. 424, 437 (1983)).  Unfortunately, neither Plaintiff's motion nor her reply contains any argument or evidence which supports an hourly fee of $184.  Nonetheless, Defendant has repeatedly stipulated to the reasonableness of substantially identical rates in other such cases and presents no argument why this case is different.  *See doc. 40* at 2, 4.  Moreover, having presided over numerous appeals of disability cases, I conclude that an hourly rate of $184 is reasonable.  Therefore, I recommend that the Court apply an hourly rate of $184 for Plaintiff's attorney's fees.

### B. Attorney's Fees for Clerical Work

Second, the Commissioner asserts that Plaintiff should not receive attorney's fees for the time her attorney spent performing clerical tasks, citing *Missouri v. Jenkins*, 491 U.S. 274 (1989). *Doc. 40* at 2–3. Plaintiff, on the other hand, argues that it is common practice for attorneys to perform certain clerical tasks, and that she should receive full compensation for these items. *Doc. 36* at 2–3.

While there is a "gray area" of tasks that may appropriately be performed by either an attorney or a paralegal, purely clerical or secretarial tasks are generally not compensable. *Jenkins*, 491 U.S. at 288 n.10; *see also Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding case to district court to resolve billing disputes, and noting that some of the hours billed "appear to be clerical rather than legal"); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees."). Plaintiff cites no contrary authority in either her motion or reply. I agree with Defendant that purely clerical work is not compensable under the EAJA. As Plaintiff does not challenge the "clerical" nature of any of the entries that Defendant identifies as such, I recommend that the Court deduct the time billed by Plaintiff's attorney for the activities Defendant identifies as purely clerical. *See doc. 40* at 2.

Similarly, Defendant argues that Plaintiff's attorney should not be paid for the 0.2 hours spent performing "no charge" items. *Id.* at 2. The EAJA awards fees to the

"prevailing party," and the Supreme Court has interpreted this language as awarding fees to the litigant, rather than to his or her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Because the fees will be issued to the Plaintiff herself, I find no basis for reimbursing Plaintiff for work done by her attorney for which she was not charged, and recommend that Plaintiff not be awarded fees for this time.

### C. *Attorney's Fees for Preparation of Motion for Extension of Time*

Defendant argues that Plaintiff should not be awarded fees for the 0.25 hours her attorney spent preparing a motion for extension of time to file her Motion to Remand. *Doc. 40* at 3. The underlying question in awarding attorney fees is whether the claimed fees are reasonable, and district courts have "discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 437. Thus, courts have reached different results on the question of awarding attorney fees for motions seeking extensions of time. *See, e.g., McKay v. Astrue*, No. 06-933, 2010 WL 5094920, at *4 (E.D. Wis. Dec. 8, 2010); *Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992). Having reviewed the extension motion itself and noting that Plaintiff's reply completely failed to address the reasonableness of the time spent seeking the extension, I recommend excluding the 0.25 hours spent in preparing the motion. *Doc. 36*, Ex. 1.

### D. *New Mexico Gross Receipts Tax*

The EAJA permits a prevailing party to recover "fees and other expenses, in addition to any costs awarded," and enumerates items that are included within the definition of "fees and other expenses." 28 U.S.C. 2412(d)(1)(A), 2412(d)(2)(A). While this list is not exhaustive, the Tenth Circuit has adopted a narrow interpretation of what constitutes "other expenses," excluding such things as travel expenses and postage fees. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Moreover, "the EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Ardestani v. I.N.S.*, 502 U.S. 129, 130 (1991).

The New Mexico Gross Receipts tax is a tax on individuals conducting business in the state for "the privilege of engaging in certain activities within New Mexico . . . ." N.M. STAT. ANN. § 7-9-2 (West 1978). In other words, the New Mexico Gross Receipts tax is an overhead expense of the business. As the EAJA must be strictly construed, I agree with an earlier decision in this Court that state taxes do not "fit[] within the spirit of the statute," and are not reimbursable under the EAJA. *National Labor Relations Board v. Pueblo of San Juan*, 305 F. Supp. 2d 1229, 1237–1238 (D.N.M. 2003). I therefore recommend that the Court not award Plaintiff costs for New Mexico gross receipts tax.

### E. *Attorney's Fees for the Cost of Filing a Reply to the Instant Motion*

Finally, in Plaintiff's reply to Defendant's response to Plaintiff's Motion for Attorney Fees, Plaintiff seeks an additional $398.13 in attorney fees—$368 for 2 hours of work in preparing and filing the reply at a rate of $184/hour, and $30.13 in New Mexico Gross Receipts tax. *Doc. 41*, Ex. 1.

Plaintiff's reply brief failed to adequately respond to the issues presented by Defendant's filing. For example, it did not present any evidence or argument to meet her burden to establish the reasonableness of her fee, and it presented no argument or law regarding the issue of reimbursement of state taxes. Instead, the reply focused on the failure of Defendant to respond to her initial motion for fees. But, because both sides had violated the local rules in such a way to justify a summary decision against them, my order at *doc. 37* made clear that I was giving the parties a second chance so that the issue could be decided on the merits. Defendant's response was timely under that order. Given the unhelpfulness of the reply, I conclude that the claimed fee for its production would not be reasonable. Therefore, I recommend that the Court not grant attorney's fees for preparing and filing Plaintiff's reply brief. Additionally, for the reasons expressed above, Plaintiff should not be entitled to the associated $30.13 requested for New Mexico Gross Receipts tax.

## F. Conclusion

For the foregoing reasons, I conclude that Plaintiff's Motion for Fees under the Equal Access to Justice Act, *doc. 36*, should be GRANTED IN PART and DENIED IN PART.  I recommend awarding Plaintiff $8,473.20[1] in fees, payable directly to Plaintiff.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[1] 2011: (5.85 hrs – 0.1 hrs) = 5.75 hours
 2012: (31.1 hrs – 1.0 hrs) = 30.1 hours
 2013: (10.7 hrs – 0.5 hrs) = 10.2 hours
 **TOTAL = 46.05 hrs × $184 = $8,473.20**